**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUENT DATA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUFFALO AMERICAS, INC., BUFFALO, INC. AND MELCO HOLDINGS, INC.,<br><br>Defendants. | **C.A. No. 14-856 SLR**<br><br>**JURY TRIAL DEMANDED** |

**BUFFALO AMERICAS, INC., BUFFALO, INC. AND MELCO HOLDINGS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Buffalo Americas, Inc. ("Buffalo Americas"), Buffalo, Inc. and Melco Holdings, Inc. ("Melco") (collectively, "Buffalo") hereby answer the complaint of plaintiff Sequent Data, LLC ("Sequent" or "Plaintiff"). The numbered paragraphs below correspond to the paragraph numbers contained in Sequent's Complaint. The headings used match those chosen by Sequent, and are included for ease of reference only.

## NATURE OF THE ACTION

1. Buffalo admits that this action purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Buffalo is without knowledge or information sufficient to admit or deny the allegations of paragraph 2, and therefore denies them.

3. Buffalo admits that Buffalo Americas is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 11100 Metric Boulevard, Suite 750, Austin, Texas 78758-4072 and a registered agent for service of process at The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Defendants deny the remaining allegations of paragraph 3.

4. Buffalo admits that Buffalo, Inc. is a corporation organized and existing under the laws of Japan, with a place of business at Akamon-dori Bldg., 3-30-20, Ohsu, Naka-ku, Nagoya, 460-8315, Japan. Defendants deny the remaining allegations of paragraph 4.

5. Buffalo admits that Melco is a corporation organized and existing under the laws of Japan, with a place of business at Akamon-dori Bldg., 3-30-20, Ohsu, Naka-ku, Nagoya, 460-8315, Japan. Defendants deny the remaining allegations of paragraph 5.

## JURISDICTION AND VENUE

6. Buffalo Americas admits that this action purports to arise under the Patent Laws of the United States, Title 35 of the United States Code.

7. Paragraph 7 states a legal conclusion to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required. Buffalo denies that this District is necessarily the most appropriate venue for this action.

9. Buffalo Americas does not contest personal jurisdiction for purposes of this action but Buffalo denies the remaining allegations of paragraph 9.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,051,054

10. Buffalo incorporates by reference its responses to Paragraphs 1 through 9 as if fully set forth herein.

11. Buffalo admits that a copy of U.S. Patent No. 7,051,054 ("the '054 Patent"), entitled "Method And Apparatus For Emulating Read/Write File System On A Write-Once Storage Disk," was attached to the Complaint as Exhibit A. Defendants deny the remaining allegations of paragraph 11.

12. Buffalo is without knowledge or information sufficient to admit or deny the allegations of paragraph 12, and therefore deny them.

13. To the extent Buffalo understands the allegations of paragraph 13, Buffalo denies them.

14. Buffalo denies the allegations of paragraph 14, except that Buffalo admits that Buffalo, Inc. and Melco Holdings, Inc. received letters from Sequent's counsel dated June 6, 2014.

15. To the extent Buffalo understands the allegations of paragraph 15, Buffalo denies them.

16. To the extent Buffalo understands the allegations of paragraph 16, Buffalo denies them.

17. Buffalo denies the allegations of paragraph 17.

18. Buffalo denies the allegations of paragraph 18.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,738,333**

19. Buffalo incorporates by reference their responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Buffalo admits that a copy of U.S. Patent No. 6,738,333 ("the '333 Patent"), entitled "Format For Recording Data In A Storage Disk," was attached to the Complaint as Exhibit B. Buffalo denies the remaining allegations of paragraph 20.

21. Buffalo is without knowledge or information sufficient to admit or deny the allegations of paragraph 21, and therefore denies them.

22. To the extent Buffalo understands the allegations of paragraph 22, Buffalo denies them.

23. Buffalo denies the allegations of paragraph 23, except that Buffalo admits that Buffalo, Inc. and Melco Holdings, Inc. received letters from Sequent's counsel dated June 6, 2014.

24. To the extent Buffalo understands the allegations of paragraph 24, Buffalo denies them.

25. To the extent Buffalo understands the allegations of paragraph 25, Buffalo denies them.

26. Buffalo denies the allegations of paragraph 26.

27. Buffalo denies the allegations of paragraph 27.

## RESPONSE TO PRAYER FOR RELIEF

Buffalo does not infringe and has not infringed any claims of the '054 Patent and the '333 Patent ("the Patents-In-Suit") either directly, indirectly, literally or under the doctrine of equivalents, willfully or otherwise. As such, Sequent is not entitled to any relief, let alone the relief sought in its Prayer for Relief against Buffalo, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Buffalo. Buffalo respectfully requests that this Court deny Sequent's Prayer for Relief with prejudice in its entirety as Sequent cannot demonstrate that it is entitled to recover damages, injunctive relief, costs, fees, interest or any other type of recovery from Defendants. Buffalo respectfully requests that judgment be entered for Buffalo and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Defendants to be awarded attorneys' fees in defending against Sequent's complaint, along with such other and further relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Buffalo asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### Noninfringement

28. Buffalo has not directly infringed any claim of the Patents-In-Suit.

29. Buffalo has not induced infringement of, or otherwise indirectly infringed, any claim of the Patents-In-Suit.

### SECOND AFFIRMATIVE DEFENSE
### Invalidity

30. One or more claims of the Patents-In-Suit are invalid for failure to comply with one or more provisions of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

31. Buffalo's accused products do not infringe the Patents-In-Suit based on the doctrine of prosecution history estoppel. During prosecution of the applications that matured into the Patents-In-Suit, the applicants made amendments and arguments in order to obtain allowance of the Patents-In-Suit. Buffalo is entitled to rely on such amendments and arguments. As a result of these amendments and arguments, Sequent is estopped from asserting the claims of the Patents-In-Suit against Buffalo's accused products.

### FOURTH AFFIRMATIVE DEFENSE
### Failure To Mark

32. Sequent is not entitled to recover damages due to the failure of it and its predecessors or licensees to mark products made by or for them or sold by or for them, or to otherwise provide notice in accordance with the provisions of 35 U.S.C. § 287(a).

**FIFTH AFFIRMATIVE DEFENSE**
**Failure To State A Claim Upon Which Relief Can Be Granted**

33. Sequent's complaint fails to state a claim upon which relief can be granted against Buffalo.

**RESERVATION OF DEFENSES**

34. To the extent not already pled, Buffalo reserves the right to add additional defenses pending further investigation and discovery.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendant-Counterclaim Plaintiff Buffalo Americas, Inc. ("Buffalo Americas"), by its undersigned attorneys, hereby states its counterclaims for declaratory relief against Plaintiff-Counterclaim Defendant Sequent Data, LLC ("Sequent"):

**PARTIES**

35. Counterclaimant Buffalo Americas is a Delaware corporation with a place of business at 11100 Metric Boulevard, Suite 750, Austin, Texas 78758.

36. On information and belief, Sequent Data LLC states that it is a limited liability company organized under the laws of the State of Delaware, with a place of business at 845 Tatnall Street, Wilmington, DE 19801.

**JURISDICTION AND VENUE**

37. This is an action for declaratory judgment of patent noninfringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as well as the patent laws, Title 35, United States Code.

38. This Court has jurisdiction over the counterclaims asserted herein pursuant to 28 U.S.C. §§1331, 1338 and 2201-2202.

39. On July 1, 2014, Sequent filed in this Court a Complaint for patent infringement, alleging that Buffalo Americas infringes U.S. Patent No. 7,051,054 ("the '054 Patent") and U.S.

Patent No. 6,738,333 ("the '333 Patent") (collectively "the Patents-In-Suit"). By filing its Complaint, Sequent has consented to the personal jurisdiction of this Court.

40. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

41. Sequent, by its Complaint, has asserted and continues to assert that Buffalo Americas is infringing the Patents-In-Suit. Buffalo Americas, by its Answer, has asserted and continues to assert that it does not infringe this patent and that it is invalid. Thus, an actual and justiciable controversy exists between counterclaim plaintiff Buffalo Americas and counterclaim defendant Sequent with regard to the alleged infringement and validity of the Patents-In-Suit.

**FIRST COUNTERCLAIM**
**Declaration Of Noninfringement Of The Patents-In-Suit**

42. Buffalo Americas incorporates by reference each allegation above as if fully set forth herein.

43. Buffalo Americas does not and has not infringed any valid claim of the Patents-In-Suit either directly, indirectly, literally or under the doctrine of equivalents.

44. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, Buffalo Americas is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the Patents-In-Suit.

**SECOND COUNTERCLAIM**
**Declaration Of Invalidity Of The Patents-In-Suit**

45. Buffalo Americas incorporates by reference each allegation above as if fully set forth herein.

46. One or more claims of the Patents-In-Suit is invalid for failure to comply with one or more provisions of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

47. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, Buffalo Americas is entitled to a declaratory judgment that one or more claims of the Patents-In-Suit is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Buffalo Americas respectfully requests the following relief:

A. Dismissal of the Complaint with prejudice, granting Buffalo Americas' affirmative defenses and counterclaims, and denying each request for relief made by Sequent;

B. A declaration that:

1. No claim of the Patents-In-Suit is infringed by Buffalo Americas;
2. Each of the claims of the Patents-In-Suit is invalid;
3. Sequent shall obtain no relief from the allegations in its Complaint, and the Complaint is dismissed with prejudice;

C. An award to Buffalo Americas of compensatory and treble damages on its counterclaims;

D. An award to Buffalo Americas of its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285 and/or other applicable law; and

E. Such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Buffalo Americas, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

Respectfully submitted,

/s/ Kenneth L. Dorsney

Kenneth L. Dorsney (DE Bar No. 3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6855
kdorsney@morrisjames.com

*Attorneys for Defendants Buffalo Americas, Inc., Buffalo, Inc. and Melco Holdings, Inc.*

Gregory S. Gewirtz
Fahd K. Majiduddin
LERNER DAVID LITTENBERG
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Telephone: (908) 654-5000
Email: ggewirtz@lklkm.com
Email: fmajiduddin@ldlkm.com

Dated: October 31, 2014